# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                          Case No. 21-CR-105

LATHELMA NASH,

        Defendant.

## REPORT AND RECOMMENDATION

Question 11.a. of the Department of Justice's standard Firearms Transaction Record form, ATF Form 4473, asks a purchaser of a firearm:

> Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)**? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.**

(ECF No. 17-1 at 1 (emphasis in original).) This question is aimed at preventing straw purchases where one person purchases a firearm for another person, who is often ineligible to purchase a firearm. *See Abramski v. United States*, 573 U.S. 169, 180, 134 S. Ct. 2259, 2267 (2014); *United States v. Tubbs*, 652 F. App'x 750, 752 (11th Cir. 2016). The form provides only a "Yes" or "No" checkbox for the purchaser to state an answer; there is no

space for explaining an answer. (ECF No. 17-1 at 1.) False answers to this question are punishable under Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

Lathelma Nash allegedly purchased two Taurus model G2s 9mm handguns on July 9, 2020, and completed Form 4473. (ECF No. 17-1.) In response to question 11.a., the "Yes" box has an "X" in it (although there is also a scribble in the "No" box). (ECF No. 17-1 at 1.) Alleging that Nash purchased one of the handguns for someone else, the government has charged her with violating Title 18, United States Code, Sections 922(a)(6) and 924(a)(2) for falsely stating that she was the purchaser of the firearm. (ECF No. 1.)

Nash argues that the indictment must be dismissed because, as the purchaser of one of the firearms for herself, albeit the other for someone else, the question was inherently ambiguous and incapable of being answered accurately. In her view, because her answer was at least partially true, the government could not obtain a conviction.

Nash points to *United States v. Rahman*, 805 F.3d 822, 838 (7th Cir. 2015), where the Court of Appeals for the Seventh Circuit noted that a false statement charge (there, a charge under 18 U.S.C. § 1001) is similar to a perjury charge. And, thus, as with a perjury charge, a statement that is misleading or nonresponsive but nonetheless literally true is insufficient to sustain a false statement conviction. *Rahman*, 805 F.3d at 838 (citing *United States v. Gorman*, 613 F.3d 711, 716 (7th Cir. 2010), discussing *Bronston v. United States*, 409 U.S. 352, 356-58, 93 S. Ct. 595, 34 L. Ed. 2d 568) (1973)). It is up to the

questioner to present a sufficiently specific question to pin down the responding person's answer. *Rahman*, 805 F.3d at 838-39 (quoting *Bronston v. United States*, 409 U.S. 352, 360, 93 S. Ct. 595, 601 (1973)).

At issue in *Rahman* was the defendant's statement that a laptop computer containing his business records should be in the remains of his burned restaurant. *Rahman*, 805 F.3d at 837. No laptop was found in the restaurant, but one was later found at the defendant's home. *Id.* at 837-38. Therefore, the government charged the defendant with making a false statement to an investigator regarding the location of his laptop. However, the laptop found in the defendant's home did not contain any business records. And there was evidence that the defendant used a second laptop in his restaurant. No second laptop was ever found. A separate evidentiary issue required remand and retrial, but the Court noted that the defendant could be convicted of false swearing if the government could prove that no other laptop (*e.g.*, the unaccounted for second laptop) was found in the restaurant at the time of the fire.

*Rahman* is distinguishable because, even if Nash purchased one firearm for herself and the second for someone else, her answer of "Yes" to the question, "Are you the actual transferee/buyer of the firearm(s) listed on this form …?" was not literally true. The question did not ask, "Are you the actual transferee/buyer of *a* firearm(s) listed on this form …?" or "Are you *an* actual transferee/buyer of the firearm(s) listed on this form …?"

3

The question obviously contemplated the purchase of multiple firearms in that each time "firearm" is used in the question is appears with the parenthetical plural as "firearm(s)." (ECF No. 17-1 at 1.) The use of the definitive article "the" made clear that the question posed an all-or-nothing proposition; a "Yes" answer was appropriate only if the person completing the form was purchasing *all* of the firearms for herself. In a transaction involving multiple firearms, if the transferee was not the actual purchaser of all of those firearms, the transfer could not proceed. It was unnecessary for the form to have asked, "Are you the actual transferee/buyer of *all* the firearm(s) listed on this form …?" as Nash suggests it could have (ECF No. 17 at 7). The addition of the word "all" may add emphasis but would not change the meaning.

Nash's reliance on *United States v. Manapat*, 928 F.2d 1097 (11th Cir. 1991), is similarly misplaced. There the Court of Appeals for the Eleventh Circuit affirmed the dismissal of an indictment that charged the defendant with falsely stating she had no "Record of traffic convictions" and no "Record of other convictions." *Id.* at 1098. The court found the questions "fundamentally ambiguous." *Id.* at 1099-100. The questions by themselves were clear; it was their context that made them ambiguous. The questions were included on a form asking for a person's medical history. In fact, they were presented in a section of the form explicitly titled "Medical History" that contained 24 other questions inquiring about things such as "Frequent or severe headaches" and "Hay fever." In fact, the relevant questions came between the questions

4

"Admission to hospital" and "Other illness," and were the only two questions that sought information not likely to be contained in a person's medical records. *Id.* at 1104. Thus, the defendant's responses to the questions could not result in a conviction for making false statements.

Here, nothing about the context of the question on the ATF Form 4473 completed by Nash made the otherwise clear question ambiguous. *Cf. United States v. Powell*, 467 F. Supp. 3d 360, 371-73 (E.D. Va. 2020) (finding Question 11.a. unambiguous). Nor was the question compound, thus distinguishing this case from *United States v. Rendon-Marquez*, 79 F. Supp. 2d 1361, 1363-64 (N.D. Ga. 1999) (granting motion for judgment of acquittal with respect to conviction under 18 U.S.C. § 1001 when defendant answered "no" to question, "Have you knowingly committed any crime or offense, for which you have not been arrested; or have you been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, including traffic violations?").

Accordingly, because question 11.a. was not inherently ambiguous as to a person purchasing one firearm for herself and one firearm for someone else, the court must recommend that Nash's motion to dismiss the indictment be denied.

**IT IS THEREFORE RECOMMENDED** that Lathelma Nash's motion to dismiss (ECF No. 17) be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 12th day of August, 2021.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge